# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SABRINA MCCALL | * |
| v. | * Civil No. JKS-08-2758 |
| MICHAEL J. ASTRUE<br>Commissioner of Social Security | * |

## MEMORANDUM OPINION

Plaintiff Sabrina McCall brought this action pursuant to 42 U.S.C. § 405 for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act (the Act). Both parties' motions for summary judgment and McCall's alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, McCall's motion for remand and summary judgment will be denied, and the Commissioner's motion for summary judgment will be granted.

1. **Background.**

McCall applied for DIB on June 2, 2006, and SSI on June 28, 2006, alleging an amended onset of disability of June 7, 2005. (R. 20). Her application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 11, 2007, at which McCall was represented by counsel. (R. 18). On November 28, 2007, the ALJ found that McCall was not disabled within the meaning of the Act. (R. 6). On August 22, 2008, the Appeals Council denied McCall's request for review, thus making the ALJ's determination the Commissioner's final decision. (R. 1).

2. **ALJ's Decision.**

The ALJ evaluated McCall's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that McCall has not engaged in substantial gainful

activity since June 7, 2005, the amended alleged onset date. At step two, the ALJ concluded that McCall suffers from disorders of the cervical and lumbar spine. (R. 11–12). At step three, the ALJ determined that McCall does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 12). At step four, the ALJ found that McCall has the residual functional capacity (RFC) to perform less than a full range of sedentary exertional level work. The ALJ found that she must avoid climbing ropes/ladders/scaffolds, but is able to perform other postural movements such as stooping on an occasional basis. The ALJ also found that she must avoid quick and constant motion with the neck, above shoulder lifting with the upper extremities, and constant handling and fingering with the hands. The ALJ also limited McCall to performing simple unskilled tasks because of her moderate difficulties in concentration due to bouts of pain. (R. 12). Once determining that McCall was unable to perform past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that jobs exist in significant numbers in the national economy that she can perform. (R. 16). As a result, the ALJ determined that McCall was not disabled within the meaning of the Act. (R. 17).

### 3. **Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence

that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

4. **Discussion**.

McCall poses two allegations of error. She claims that the ALJ failed to follow the proper procedure in analyzing her mental impairments and erred in assessing her RFC.

   A. The ALJ was not required to perform the psychiatric review technique.

McCall argues that the ALJ failed to use the psychiatric review technique in evaluating her mental impairments. The ALJ, however, is only required to evaluate impairments for which there is "ample evidence in the record to support a determination that the claimant's impairments meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (*citing Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986)) (internal quotations omitted); *see also Baker v. Chater*, 957 F. Supp. 75, 79 (D. Md. 1996) ("The necessary implication of [20 C.F.R. § 404.1520a], of course, is that no PRTF is required if there is no evidence of mental impairment."). A claimant's own statements will not suffice. *Byrd v. Apfel*, 168 F.3d 481, 1998 WL 911718, at *3 (4th Cir. Dec. 31, 1998). Instead, a claimant must establish her mental impairmentS through medical evidence. *Id.*

Here, the only medical evidence in the record is a May 26, 2005, doctor's note stating that McCall reported feeling increased depression symptoms, was tearful, and was put on a trial medication. (R. 223–24). The record does not contain any follow-up or any medical evidence of depression. In addition, during her hearing with the ALJ, McCall did not describe any symptoms of depression or that she was on medication for depression. As a result, the ALJ was not

3

required to evaluate McCall's mental impairments.

   B.  The ALJ properly evaluated McCall's RFC.

McCall alleges that the ALJ did not properly analyze her RFC by failing to account for Dr. Meyer's repeated statements that McCall was "not fit for working duty," by failing to consider her ongoing neck and back symptoms following surgery, and by failing to evaluate her difficulties with prolonged sitting.

RFC is the most work an individual can do, despite her limitations, for 8 hours a day, 5 days a week. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1); Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *2. The ALJ must make the RFC determination at step four after considering all relevant medical and non-medical evidence. 20 C.F.R. §§ 416.920(e) and 416.945. The regulations provide the following guidelines for how an ALJ should determine a claimant's RFC:

> When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

20 C.F.R. §§ 404.1545(b) and 416.945(b). The RFC determination must include a function-by-function assessment based upon the claimant's functional limitations and ability to do work-related activities, and must be based on all relevant evidence in the record. Soc. Sec. Ruling 96-8p at *3. The ALJ must address both the exertional and nonexertional capacities of the individual. Soc. Sec. Ruling 96-8p at *5-6. The evaluation must also include a narrative discussion describing how medical facts and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003); Soc. Sec. Ruling 96-8p at *7.

McCall's first contention is without merit. Even though Dr. Meyer and other doctors from Phillips & Green noted in several reports that McCall was "not fit for working duty," they were referring to whether she could return to her occupation as a school nurse. In her initial orthopaedic consultation with Phillips & Green, Dr. Salter noted that McCall was employed as a school nurse, and in light of her injuries, should be held out of work. (R. 190-92). On October 5, 2004, Dr. Phillips determined that McCall could return to work. (R. 187). On October 14, 2004, however, McCall informed Dr. Green that her employers will not allow her to return to work until she is 100%, and due to this, Dr. Green concluded that she "must be deemed not fit for working duty under" her employer's parameters. (R. 185-86). The ALJ discussed Dr. Meyer's opinion in his report and gave it controlling weight as to McCall's inability to work as a licensed practical nurse. (R. 15). McCall, however, is not considered disabled if she cannot perform her past relevant work. Instead, she is disabled if her RFC does not allow her to perform jobs that exist in significant numbers in the national economy. As a result, Dr. Meyer's conclusion that McCall is not fit for her past job does not render her unable to perform jobs that allow for a lower RFC.

The ALJ fully considered McCall's ongoing neck and back symptoms following surgery. In completing his report, the ALJ considered the opinions of Drs. Salter, Kalhorn, and Meyers. The ALJ noted that Dr. Salter found on September 22, 2005, that even though McCall was symptomatic, she was gradually improving and had only moderate restriction of cervical and lumbar motion. (R. 14). The ALJ then noted that Dr. Kalhorn reported on March 6 and September 6, 2006, that McCall had improved since her operation, and she had only occasional pain in her neck and back. (R. 14). The ALJ also reviewed Dr. Meyer's opinions noting that even though McCall suffered from tenderness and spasm about the cervical and lumbar areas,

5

she was neurologically intact, her gait was normal, and she had no loss of muscle strength or atrophy. (R. 14).

Lastly, the ALJ was not required to evaluate McCall's ability to sit for a prolonged period of time. On only one occasion, during a visit to Dr. Kalhorn on December 15, 2005, did a physician reported that McCall complained about prolonged sitting. (R. 284). Neither Dr. Kalhorn nor any other physician reported that McCall had any issue with prolonged sitting, and she did not complain of sitting problems in her functional report or at the hearing. (R. 20-41, 138). The ALJ was not required to evaluate a symptom simply because it was once mentioned to a physician. The ALJ properly evaluated McCall's RFC.

## 5. **Conclusion.**

For the foregoing reasons, McCall's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

Date: June 17, 2011                              /S/
                                            JILLYN K. SCHULZE
                                            United States Magistrate Judge